**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 26-4002**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVANTE N'KEE WILSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00425-WO-1)

———————

Submitted:  July 16, 2026                                      Decided:  July 21, 2026

———————

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Eric D. Placke, Federal Public Defender, Kathleen A. Gleason, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devante N'Kee Wilson appeals the district court's judgment revoking his supervised release and sentencing him to a total of 30 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court violated Wilson's rights under the Fifth Amendment by finding he committed a violation on which he took no position and whether the sentence is plainly unreasonable. Wilson has filed a pro se brief raising additional issues.[*] We affirm.

"Our review of a district court's revocation of supervised release is for abuse of discretion, meaning that we review legal conclusions de novo and factual determinations for clear error." *United States v. Mills*, 173 F.4th 182, 188 (4th Cir. 2026). "A district court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release," which merely "requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *Id.* (internal quotation marks omitted). We discern no error in the district court's determination that Wilson committed a violation on which he took no position. *See, e.g.*, *Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (explaining that "a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case" (emphasis omitted)).

---

[*] We have thoroughly reviewed Wilson's contentions and find them meritless.

2

"We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). Wilson's sentences do not exceed the applicable statutory maximum, as he was sentenced to 24 months or less for each term of supervision. Accordingly, the remaining question is whether the sentence is plainly unreasonable.

When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (citation modified). Upon review, we conclude that the district court's decision to run the two revocation sentences consecutively to one another—even though Wilson was serving concurrent terms of supervised release—does not render the sentence plainly unreasonable. *See United States v. Johnson*, 138 F.3d 115, 118-19 (4th Cir. 1998) (holding district courts can "impose consecutive rather than concurrent sentences upon revocation of concurrent terms of supervised release" (citation modified)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition

3

be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*